FILED
10/28/19 3:10 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Case No. 17-21296-GLT |
| : | Chapter 13 |
| **NISHER D. JOHNSON**, : | |
| : | |
| *Debtor*. : | Related to Dkt. No. 72 |
| : | |

# MEMORANDUM OPINION

There are few circumstances where the Court will refuse immediate payment of a filing fee. Unfortunately, this case presents one of them. This matter comes before the Court upon the *Trustee's Motion for Authority to Pay Filing Fee* (the "*Motion*") filed by Ronda J. Winnecour, the chapter 13 trustee.[1] In her *Motion*, the Trustee seeks authority to pay a case filing fee that remains due and owing to the Court by the debtor, Nisher Johnson, from a previous bankruptcy case.[2] The Trustee proposes to pay the filing fee from funds generated in the current bankruptcy case. Although no parties raised an objection to the requested relief, the Court conducted a hearing to consider the motion on September 11, 2019.

By way of background, Johnson previously filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[3] on May 2, 2014 (the "2014 Case").[4] After the 2014 Case was converted to a chapter 13 proceeding, the Court approved Johnson's request to pay the $281

---

[1] Dkt. No. 72.

[2] The trustee filed similar motions in several other cases. See, e.g., Case No. 17-21296-GLT, Case No. 17-24868-GLT, Case No. 17-25157-GLT, Case No. 18-21589-GLT, and Case No. 18-23488-GLT.

[3] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[4] See Case No. 14-21835-GLT, Dkt. No. 1.

case filing fee over time because she was "unable to pay the full filing fee at once."[5] Ultimately, the 2014 Case was dismissed on April 23, 2015.[6] Although Johnson received a refund of $1,372.76 from the Trustee at the conclusion of the case, the 2014 Case filing fee remains unpaid.[7]

Johnson commenced her current chapter 13 case on March 31, 2017 (the "2017 Case").[8] Her obligation to pay the filing fee for this case has been satisfied.[9] The Trustee now requests authority to use funds currently in her possession from the 2017 Case to satisfy the filing fee that accrued in the 2014 Case.

Upon review, the Court finds that the *Motion* is premised on a fundamental legal flaw—that the Court enjoys some sort of priority regarding these unpaid fees that would allow a distribution to the Court before distributions to other creditors. The Trustee has not articulated any legal authority in support of such priority treatment, and the Court is unaware of any that would apply under these circumstances. Section 507(a)(2) provides priority status for certain filing fees "assessed against the estate,"[10] while section 1326(b)(1) prohibits distributions to creditors until such fees are paid.[11] Given that "an estate" is created at the commencement of a bankruptcy

---

[5]   Case No. 14-21835, Dkt. Nos. 25, 37. At the time the 2014 Case was commenced, the filing fee for a chapter 7 case was $306, while a chapter 13 filing fee was $281. Prior to the conversion of the 2014 Case, Johnson requested a waiver of the chapter 7 filing fee due to an alleged inability to pay. Because that request was not addressed prior to the conversion and her seeking relief with respect to the chapter 13 filing fee, the Court entered orders effectively waiving the difference between the two filing fees and setting the amount due as $281.

[6]   Case No. 14-21835-GLT, Dkt. No. 76.

[7]   Case No. 14-21835-GLT, Dkt. No. 78.

[8]   Dkt. No. 1.

[9]   Dkt. No. 29.

[10]  11 U.S.C. § 507(a)(2). There is no question that the filing fees necessary to commence bankruptcy cases are "fees and charges assessed against the estate under chapter 123 of title 28."

[11]  11 U.S.C. § 1326(b)(1).

case,[12] filing fees which accrue in a *preceding* case are not "fees . . . assessed against *the estate*"—that is, the *current* estate—but are simply a prepetition debt. For this reason, the Court finds that any unpaid filing fee assessed against a prior estate is nothing more than a prepetition general unsecured claim in a subsequent bankruptcy filing.[13]

As the holder of a general unsecured claim, the Court, *if a proof of claim was filed on its behalf*, would be entitled to a pro rata distribution in pari passu with other similarly-situated creditors. Nothing more, nothing less. Here, the relief requested would immediately pay the Court in full, while other general unsecured creditors would be left to patiently await their distributions, if any. Even assuming, *arguendo*, that the Court could construe the absence of a timely objection to the motion as the consent of the affected parties, the Trustee only served the present motion upon the Debtor, her counsel, and the United States Trustee, rendering the notice given inadequate.

The Court recognizes that the Trustee's request was well-intentioned if not legally sustainable. Although it would be tempting for the Court to direct the payment of its filing fees in this manner for hundreds of delinquent cases, it finds that it cannot sacrifice core bankruptcy principles simply to recover lost revenue. The central tenants of the Code mandate that creditor distributions occur in order of priority and that similarly-situated creditors are treated equally.[14] If creditors are expected to abide by these precepts, the Court must do likewise when acting as the

---

[12]   11 U.S.C. § 541(a).

[13]   Notably, this analysis appears to be consistent with the policies of the Administrative Office of the United States Courts. See In re Domenico, 364 B.R. 418, 422 (Bankr. D.N.M. 2007) (quoting the United States Court's Bankruptcy Fee Compendium III (April, 2006)).

[14]   See In re Combustion Eng'g, Inc., 391 F.3d 190, 239 (3d Cir. 2004), as amended (Feb. 23, 2005); Kimmelman v. The Port Authority of NY and NJ (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311, 316 (3d Cir. 2003).

holder of a comparable claim. Put simply, the Court cannot contravene the Code simply to move itself to the front of the unsecured-creditors line.

Based on the foregoing, and for the reasons stated on the record at the September 11, 2019 hearing, the Court will enter an order granting the *Motion* to the extent it seeks to establish a claim for the Court for the 2014 Case filing fee in this case, but denying the *Motion* to the extent it seeks authority to pay the 2014 Case filing fee in full immediately.

ENTERED at Pittsburgh, Pennsylvania

Dated: October 28, 2019

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtor
Debtor's Counsel
Ronda J. Winnecour, Esq.